IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ALEX DURODE JOHNSON,                                              PETITIONER

v.                                                                             No. 4:08CV67-P-S

STATE OF MISSISSIPPI, ET AL.                                   RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Alex Durode Johnson for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d). Johnson has responded, and the matter is ripe for resolution. For the reasons set forth below, the state's motion to dismiss shall be granted and the petition dismissed as untimely filed.

**Facts and Procedural Posture**

On April 4, 2006, Alex Durode Johnson entered a plea of guilty to possession of a controlled substance – cocaine – (as a lesser included offense of possession with intent to sell) in the Circuit Court of Washington County. He is in the custody the Mississippi Department of Corrections and currently housed at the Issaquena County Correctional Facility in Mayersvillle, Mississippi. The court sentenced Johnson on the day of his plea to serve twelve years in the custody of the Mississippi Department of Corrections, with eight years to serve and four years of post-release supervision – and to pay a $2,500.00 fine, court costs, and fees. Johnson filed a Motion for post-conviction relief in the Washington County Circuit Court on August 4, 2007 (signed July 23, 2007),which was dismissed on September 12, 2007. Johnson appealed the dismissal of his PCR to the Mississippi Court of Appeals, and the dismissal was affirmed July 29, 2008. *Johnson v. State*, — So.2d —, 2008 WL 2894477 (Miss. App. 2008) (2007-CP-

01649-COA).

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

A criminal defendant seeking federal *habeas corpus* relief must therefore file a petition within one year of the date his conviction becomes final. *Flanagan v. Johnson,* 154 F.3d 196, n.1 (5th Cir. 1998). The limitations period is tolled while a properly filed motion for post-conviction relief is pending in state court. *Id.* There is no statutory right to a direct appeal from a guilty plea in Mississippi, MISS. CODE ANN. § 99-35-101, but defendants who plead guilty may nonetheless appeal the validity of their sentences. *Acker v. State*, 797 So.2d 966 (Miss. 2001). Johnson's judgment thus became final May 4, 2006, thirty days after he was sentenced on his

guilty plea. *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003) (when a defendant declines to appeal from a guilty plea, his conviction becomes final when the deadline for such an appeal expires). Johnson did not file an application for post-conviction relief before this deadline expired; hence, he does not benefit from statutory tolling. As such, the deadline for Johnson to file his federal petition for a writ of *habeas corpus* became May 4, 2007.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date Johnson delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on May 21, 2008, and the date it was received and stamped as "filed" in the district court on May 23, 2008. Giving Johnson the benefit of the doubt by using the earlier date, his federal petition was filed 383 days after the May 4, 2007, filing deadline. Johnson does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-514 (5th Cir. 1999). The instant petition shall therefore be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 20th day of November, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE